UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA                CRIMINAL NO. 15-cr-00031

VERSUS                                  JUDGE HICKS

BYRON MORRIS                            MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Defendant is charged with one count of possession of child pornography and two counts of receiving child pornography. Before the court is Defendant's Motion to Suppress. Doc. 18. Defendant argues that he was interviewed by law enforcement without counsel and without an intelligent or knowing waiver of counsel. For the reasons that follow, it is recommended that Defendant's Motion to Suppress be denied.

**Undisputed Facts**

After Defendant's Motion to Suppress was filed, the court set the matter for an evidentiary hearing. However, following the filing of the Government's response (Doc. 21), both parties waived the evidentiary hearing and agreed to submit the motion to the court on the briefs and attached exhibits.

In August 2014, Louisiana State Police identified an internet protocol ("IP") address that was actively sharing and trading child pornography files over the internet. The IP

address was assigned to 1204 Georgia Street, Shreveport, Louisiana. The state police obtained a search warrant for that address. Doc. 21, Exhibit A.

The homeowner, Defendant's ex-wife, was not present when the agents arrived. She was contacted by phone and returned to the residence. She and Defendant were divorced, but she allowed him to live in her residence because he had no place else to live.

When agents entered a converted garage attached to the residence, they observed Defendant attempting to exit through an exterior door. Defendant was detained and placed in a back bedroom. Agents then removed the handcuffs from Defendant and advised him of his Miranda rights. Defendant signed the statement of rights form, and he initialed each statement on the form. Item 8 on the form asks: "Have any threats or promises been made to you or has any pressure of any kind been used to get you to answer questions or to give up any of your rights?" Defendant placed an "X" next to the box that stated "No."

Following execution of the rights form, Defendant made incriminating statements about his use of peer-to-peer software, his fascination with children between the ages of 10 and 12, and the amount of time he spent viewing child pornography. Defendant also executed a written consent to search form (Exhibit C) for a storage unit. Agents eventually recovered more than 1,000 files of child pornography.

**Law and Analysis**

The voluntariness of a Miranda waiver is analyzed under a two-prong test: (1) was the waiver was the product of a free and deliberate choice rather than intimidation, coercion, or deception; and (2) whether the waiver was made with a full awareness of both the nature

of the right being abandoned and consequences of the decision to abandon it. Moran v. Burbine, 475 U.S. 412, 421 (1986). The determination of whether a defendant knowingly, voluntarily, and intelligently waived his Miranda rights is made on a case-by-case basis in light of the totality of the circumstances. Id.

The Government's burden is easily met. Defendant signed a waiver of rights form (Exhibit B), and he initialed each statement of rights on the form. Defendant expressly stated that he understood his rights and he placed an "X" in the box indicating that he was not threatened or pressured into answering questions or giving up his rights. The record facts show that Defendant's waiver was a free and deliberate choice that was made with full awareness of his rights. Defendant has not identified *any* contrary facts to support the conclusory allegations in his motion.

Accordingly,

**IT IS RECOMMENDED** that Defendant's **Motion to Suppress (Doc. 18)** be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 45(b). A party may respond to another party's objections within **fourteen (14) days** from the filing of the objections.

Counsel are directed to furnish a paper courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of July, 2015.

_____
Mark L. Hornsby
U.S. Magistrate Judge