UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00031 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BYRON MORRIS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a *pro se* motion seeking reduction of sentence on four grounds filed by Defendant Byron Morris ("Morris"). See Record Document 48. Morris states:

> The first 3 points are requests for the court to consider, are oversights which would reduce my sentence, and give me credit for the 20 months (587 days) served at CCC Shreveport. The fourth point is a consideration for substituting some of this time I should have been credited with in exchange for the 5 years supervised release.

Id. at 1.

Morris requests credit for the time he served at CCC before his arrival at FCI Texarkana – approximately 587 days. See id. at 1-2. This request must be denied, as this Court has no authority to grant such a request. Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the Bureau of Prisons ("BOP"), is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing. If a defendant wishes to challenge this calculation, he must, first, exhaust his available administrative remedies through the BOP before litigating in federal court. See U.S. v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1354-1355 (1992). After exhaustion of all administrative remedies, the defendant may then seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district where he is incarcerated. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

Morris' second and third points relate to his sentencing, namely the Court's application of a sentencing enhancement under the guidelines and the Court's failure to apply a two-level reduction under the guidelines. See id. at 2-7. Morris argues his sentence should be vacated and his case remanded for resentencing. See id. at 5,7. Morris filed a direct appeal and his appeal was dismissed as frivolous. See Record Document 47. Without so holding, it appears the issues raised in Morris' second and third points may be addressed in a Section 2255 motion seeking to vacate, set aside, or correct sentence. Morris shall file a Section 2255 motion if he wishes to pursue these issues. At this time, the instant miscellaneous motion is denied without prejudice as to points two and three as Morris may re-urge such issues in a Section 2255 motion.

Morris' last request is for "a possible plea deal [to be] arranged to exchange [his] remaining 5 years of supervised release for jail time." Record Document 48 at 7-8. He believes another inmate received a similar deal and argues such an agreement would be sufficient to credit him for the time served at CCC Shreveport. See id. Because Morris provides no legal basis for such request, it is denied.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Morris' *pro se* motion seeking a sentence reduction (Record Document 48) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of February, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT